UNITED STATES DISTRICT COURT
Southern District of Florida
Miami Division

Case No.:

WNC TRUST DATED NOVEMBER 14, 2012,

    Plaintiff,

vs.

TYLER COOPER
a/k/a TYLER MARSHAL COOPER,

    Defendant.
_____/

## COMPLAINT

Plaintiff, WNC Trust Dated November 14, 2012 ("Plaintiff"), hereby sues Defendant, **TYLER COOPER a/k/a TYLER MARSHAL COOPER** ("Defendant") for damages and attorneys' fees, litigation expenses and costs.

### JURISDICTION

1. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332.

### PARTIES

2. Plaintiff is a trust organized and existing under the laws of the State of Florida.

3. Defendant is a resident of the State of Colorado and is *sui juris*.

### FACTS

4. Defendant was the individual responsible for forming, and was the sole member and manager of, A2Z Welding, LLC., a Colorado limited liability company. Defendant also had complete control of the finances and financial decisions of A2Z Welding, LLC.

5. A2Z Welding, LLC is delinquent with the Secretary of State of Colorado, Division of Corporations, effective December 1, 2015.

6. A2Z Welding, LLC was a steel subcontractor, responsible for providing and fabricating steel for Plaintiff's construction project in Aspen, Colorado.

7. A2Z Welding, LLC invoiced Plaintiff, through its contractor Providence Builders, for $75,000 for steel column materials, and $5,000 for steel beam drawings. Plaintiff, through its contractor, paid the $80,000 total to A2Z Welding, LLC for the steel to be purchased and the drawings done as invoiced.

8. Additionally, Plaintiff, through its contractor, paid A2Z Welding, LLC $14,871.44 for crane and hauling work done on Plaintiff's Aspen project by Myers & Company.

## COLORADO TRUST FUND STATUTE

9. Colorado Revised Statute 38-22-127 provides that:

(1) All funds disbursed to any . . . subcontractor under any building, construction, or remodeling contract or on any construction project shall be held in trust for the payment of the . . . laborer or material suppliers, or laborers who have furnished laborers, materials, services, or labor, who have a lien, or may have a lien, against the property, or who claim, or may claim, against a principal and surety under the provisions of this article and for which such disbursement was made.

(2) This section shall not be construed so as to require any such . . . subcontractor to hold in trust any funds which have been disbursed to him or her for any subcontractor, laborer or material supplier, or laborer who claims a lien against the property or claims against a principal and surety who has furnished a bond under the provisions of this article if such . . . subcontractor has a good faith belief that such lien or claim is not valid or if such . . . subcontractor, in good faith, claims a setoff, to the extent of such setoff.
. . .

(4) Every . . . subcontractor shall maintain separate records of account for each project or contract, but nothing contained in this section shall be construed as requiring a . . . subcontractor to deposit trust funds from a single project in a separate bank account solely for that project so long as trust funds are not expended in a manner prohibited by this section.

(5) Any person who violates the provisions of subsections (1) and (2) of this section commits theft, as defined in section 18-4-401, C.R.S.

10. Defendant, as the sole owner and member of A2Z Welding, LLC, breached the statutory trust relationship with Plaintiff by: (1) failing to order or purchase the steel materials with the

WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 305.979.8700 • FAX: 305.377.8416

$75,000 advanced for that purpose, by failing to order, obtain or pay for the obtain the steel drawings with the $5,000.00 advanced for that purpose, and (3) failing to disburse to Myers & Company the $14,871.44 advanced to Defendant for crane and hauling work. Instead, Defendant, with the intent to defraud Plaintiff, knowingly and intentionally used Plaintiff's funds with the intent to, and aware it would, deprive Plaintiff the use and benefit of its $94,871.44. Defendant has thus has committed theft under section 18-4-401, C.R.S.

11. Defendant has also failed to "maintain separate records" for Plaintiff's project, as required by Colorado Revised Statute 38-22-127.

12. As such, under 18-4-405 Colorado Statutes Plaintiff is entitled to treble damages against Defendant, or $284,614.32 ($94,871.44 x 3), as well as costs and attorney fees.

13. Plaintiff first became aware of Defendant's intentional failure to order the materials and drawings and intentional personal use of Defendant's $80,000 in late-May, 2014, and Defendant's intentional failure to pay Myers & Co., and use for his own benefit, the $14,871.44 advanced for payment the crane and hauling work performed by Myers & Co. in July, 2014.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant in favor of Plaintiff, granting Plaintiff damages in the sum of $284,614.32, plus all attorneys' fees and costs incurred in this action.

        WILLIAM N. CHAROUHIS & ASSOCIATES, PA
        *Attorneys for Plaintiff*

        By: *s / William Nicholas Charouhis*
         William N. Charouhis, Esquire
         Florida Bar No. 510076
         Suite 2000 • Brickell Bayview Centre
         Eighty Southwest Eighth Street
         Miami, Florida 33130
         Telephone: 786.279.5707; Fax: 305.377.8416

        Dated: January 19, 2017

J:\WNCLaw\!WNC - Personal\Aspen - Medicine Bow\A2Z\Complaint [01-19-2017][2].wpd

- 3 -

WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA
SUITE 2000 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 305.979.8700 • FAX: 305.377.8416